```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF ALABAMA
             SOUTHERN DIVISION
```

CANDICE FINLEY,                }
                               }
    Plaintiff,                 }
                               }
                               }   CIVIL ACTION NO.
v.                             }
                               }   CV-00-AR-1861-S
BURN'S BAR-B-Q RESTAURANT,     }
                               }
    Defendant.                 }

*Filed*

*MAY 23 PM 3:40*
*U.S. DISTRICT COURT*
*N.D. OF ALABAMA*

**ENTERED**
**MAY 23 2001**

## MEMORANDUM OPINION

Before the court is the motion by defendant, Burn's Bar-B-Q Restaurant ("Burns Bar-B-Q"), for summary judgment, and the response by plaintiff, Candice Finley ("Finley"), to this court's Order to Show Cause of April 11, 2001, as to why the action should not be dismissed. For the reasons set forth in the opinion below, the court finds that Finley has failed in her attempt to sustain this action, and accordingly, defendant's motion will be granted.

### Discussion

In its Order of April 11, 2001, this court took judicial notice of the following facts: (1) that there is no legal entity titled "Burn's Bar-B-Q Restaurant", (2) that, in accordance with the scheduling order entered on October 25, 2000, discovery is complete, (3) that the time for amending pleadings and adding parties has passed, and (4) that an individual who may have been an employer of plaintiff, but who is not a party defendant, is in



bankruptcy, so that any claim against her, if a belated amendment were allowed, would be automatically stayed and must be pursued, if at all, in the bankruptcy proceeding. The court ordered the plaintiff to show cause in writing as to why the action should not be dismissed.

On April 26, 2001, Finley responded to the court's Order to Show Cause. Finley attempted to provide the court with additional relevant facts in support of her discrimination claim against defendant. Finley's supplemental information, however, does not alter the substantive facts concerning this case. Among other things, Finley attempts to link the "original Burn's Bar-B-Q" with the "new Burn's Bar-B-Q" by alleging that "the newly opened restaurant is just another branch of the [original] restaurant," and that the two entities were joint employers of the plaintiff. Not only is this argument facially unpersuasive, but Finley does not offer any evidence whatsoever to bolster this allegation (most likely because discovery was cutoff on March 23, 2001). Finley also suggests that the case should proceed against the owners of the original Burn's Bar-B-Q Restaurant. The court, however, simply cannot overlook the fact that Finley failed to timely request discovery relating to the identity of the individuals who may have employed her.

## Conclusion

The court was wary of terminating this case before Finley was afforded an opportunity to demonstrate to the court why her case should not be dismissed. The court finds that Finley was afforded this opportunity, and has failed to meet her burden. Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court finds that after reviewing all materials filed with the court by both parties, that there is no genuine issue as to any material fact and that the defendant is entitled to a judgment as a matter of law. A separate and appropriate order in conformity with the foregoing opinion will be entered.

DONE this 23rd day of May, 2001.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE